We'll hear the last case to be argued this morning, G4S International. Mr. Thomas? Mr. Thomas, are you on mute? Mr. Thomas, are you on the line? Mr. Pitts, are you on the line? I apologize, Your Honor. I hit the speaker button instead of the mute button. So I was well into my argument. It was very good. Well, you better start it again. Thank you. Thank you. And try to speak very clearly because I think your speakerphone is not going to be very clear. Okay. Can you hear me okay, Your Honor? Okay. Yes. Go ahead. Okay. Thank you, Your Honor. May I please report? My name is Michael Thomas of Thomas Wynn in San Francisco, California. I represent G4S International Employment Services Limited, which I will refer to as probably G4S IES or Armor Group Jersey or just Jersey, which is successor interest to Armor Group Jersey Limited. And I also represent their Defense Base Act carrier, Continental Insurance Company. The central issue before the court really is the application of Section 33 of the Longshore Act. When did this injury occur? This injury occurred in Iraq, Your Honor. The only statute you cite for jurisdiction in this court states that we have jurisdiction over injuries that occur in our circuit. Well, okay. So, Your Honor, if you're asking where the jurisdiction score comes from, the Defense Base Act is an extension of the Longshore Act, and the jurisdiction is exclusive to the Defense Base Act. It gets in the Second Circuit because the injury occurred in Iraq, which comes under the Department of Labor program, obviously. Cases in Iraq get venued at the time this case was set and heard in the New York Office of Workers' Compensation Programs. And then as you work your way through the courts, you go to the Office of Administrative Law Judges. This case was tried, actually, by a New Orleans ALJ, or I guess Covington, Louisiana. But the circuit jurisdiction rests in the circuit where the district director is located, and the district director is a DOWCP in New York City. Therefore, it falls under Second Circuit jurisdiction. And, of course, the Defense Base Act is an extension of the Longshore Act. And the central issue we really have before us is Section 33 of the Longshore Act, and its application to the settlement that David Newton Steele entered into with G4S Risk Management Limited, G4S International Employment Services, my client, and at the time, a company called Armor Group International Limited. Now, all these companies have changed their names over the years, and that's briefed. So, Benefits Review Board, which is the court just below us here, has gone to great lengths to find that the three settling defendants in the UK action, Mr. Newton Steele is a resident of the United Kingdom, were indeed one entity, employing Mr. Newton Steele, and the Benefits Review Board, you know, has really been over-baffled as to the application. Counsel, Counsel, Counsel, isn't the question basically whose burden it is to show that a settlement was made to a third party rather than to the employer? Leave aside your argument that even employers are third parties, which is a very funny argument. But the key argument or question here is, is it your burden to show that the payment was made to a third party, or is it the other side's burden to show that the payment was made to an employer? So, that, in this context, raises a question of whose burden it was to show the relationship among these parties, which is very complex. If the district court was correct that the burden was on you, I don't see how the burden was met. If the district court was incorrect, and the burden was on the other side, same thing. I don't see that there was that much evidence one way or the other. But isn't that the key issue, or am I missing something? I don't think you're missing anything, Your Honor. I think it is one of the key issues. So, and I'll address it. So, first of all, it's kind of absurd that the Benefits Review Board placed the burden of establishing employment by G4S PLC and G4S... Let me say why it may not, because this is a defense. It is a defense against liability under this act. The defense is that a settlement was made with a third party. As such, it looks like an affirmative defense, and where you have an affirmative defense, the normal thing is to put the burden on the person who is asserting the affirmative defense. So that's, you know, that's the nature of that argument. And that's what, you know, that's basically what the district court said. Affirmative defense, your burden, you haven't met it. If the question was, has the plaintiff shown who paid him? That's a different issue. But here it is an affirmative defense against payment now under the DDS. Okay, Your Honor. I mean, I think that there's two things working here. One is the affirmative defense, and one is establishing a prima facie case of employment. Now, unquestionably, Mr. Newton Seeley was an employee of, at the time, Armour Group Jersey. So Armour Group Jersey established that. And the injury arose out of employment, right? Yes, Your Honor. There's no question there's an injury. Why isn't that enough for a prima facie case of entitlement? So, well, he needs to show employment. So he's shown employment as to Armour Group Jersey. We accept that. Armour Group Jersey, there's lots of evidence in front of the court that Armour Group Jersey is a separate corporate, has a separate corporate structure. And once from these other defendants. In fact, Mr. Newton Seeley sued all three of them separately in the UK action. The settlement agreement itself is for this court. You can see it. He's settled with three different companies. His contract was written with Armour His pay came from Armour Group Jersey, not from any other entity. He took direction from Armour Group and from Armour Group Jersey, not from any other entity. All of these things and, you know, the plethora of evidence of the, I would direct you to the depositions of Catherine Bow. One minute, one minute. I would direct you to the depositions of that are in the record and the you know, no matter whose burden it is, there's lots of evidence that these three companies operate separately. There's no evidence of a joint venture. There's no evidence of fraudulent practice. This is a set well established by the UK court, which heard this action and established that there wasn't employment by the non-Jersey entities. Justice Cranston went through that very carefully. So, you know, no matter how you look at it, whether whose burden it is, but it has to be his burden to show employment. Interestingly, the BRB placed that very burden on Mr. Guttentagli. When you are saying it's his burden to show employment, it seems to me that you are stretching. He has to show employment, but you cannot say that it is his burden to show employment by whether it was one or three things together, because otherwise you are in effect shifting the burden on the affirmative defense. And that has to be a different thing from showing I was employed by the person whom I am now suing to recover under the DBA. Then it becomes your burden, according to the district court, to show that that is barred by this affirmative defense. I don't see how you can convert his having to show that he was an employee and what is needed for that into a burden that in affirmative defense. The affirmative defense is that he is barred by Section 33G. That's another question. The other question is, is there enough evidence that it is your burden that that was met? The district court said no. That's it. That's another question. Okay. Thank you. Sorry. All right. You have some time for rebuttal. We'll hear from the other side. Mr. Pitts? Mr. Pitts? Good morning, Your Honor. Gary Pitts. I have the honor of representing Mr. David Newton-Seeley. Mr. Pitts? Yes, sir. By the way, next time make your request for oral argument on a timely basis, please. Okay. Yes, I will. I'll be brief. All right. There are two sentences in the court below you that I want to highlight. I think it summarizes everything pretty much. In the second decision of the board, the decision of, well, let's see, actually the it says Newton-Seeley I, that's their first decision, it went to them three times, advised that A.G. Jersey bore the burden of proving the existence of a third party to support its affirmative defense. And then the next sentence is Newton-Seeley II, the second decision, held that A.G. Jersey did not satisfy its burden. That became the law of the case, and the law of the case doctrine, you know, precludes re-litigation of issues. This, to give a little bit of context, this case started 11 years ago. Actually, it was 16 years ago when Mr. Newton-Seeley suffered a totally disabling brain injury while protecting Americans from hostile attack in Iraq. But 11 years ago, in 2009, there was a small tort settlement in the UK with Armor Group. And six years later, in 2015, the Benefits Review Board decision that Armor Group failed to carry its burden of proof on this affirmative defense. There was six years there, better part of a decade, for Armor Group to prove their affirmative defense. They had a full and fair opportunity to prove that, and they didn't. Yeah. Counsel, my problem is, how did he get this settlement when normally the employer is not to be sued because the DBA allows recovery under the DBA? Now, is it because English law allowed this runaround, but in a workers' compensation situation, would not be allowed here except with respect to third parties? Yes, sir. You're exactly right, Your Honor. It's an exclusive remedy, the Defense Space Act, but under the UK law, they do allow negligence claims against one's employer because I think their work, I don't know why that's their policy, but maybe their workers' comp system isn't as strong and they let these things come in as a collateral. The workers' comp system is much stronger than ours. Much stronger, okay. They do allow certain kinds of negligence suits against employers. And my question is, it's kind of interesting that this settlement could never have been made under your argument that it's the same employer in the United States. I agree. I agree with that. Yes, that's true. This is an anomalous thing because of the UK law. Yeah. Okay. Good. And we do on, we have 29 pages in our brief where we address that the Armour Group companies did operate as a single entity. But the law of the case doctrine's been around a long time. I'm just, we cited a case from... I'm not sure what you mean by that because it may be law of the case, but they have the right to appeal, right? Yes, of course. But I think just citing a Messenger 1912 Supreme Court case, expressed the practice of courts generally to refuse to reopen what's been decided. They had six years to try to prove the case and then they took depositions later. It's just, I don't know. I think... I don't understand the law of the case argument. I mean, I understand an argument which says if the burden is on them, and that being an affirmative defense, the burden is on them, they haven't shown enough to show that these were separate companies. I understand that argument. But frankly, the law of the case argument doesn't bring me anywhere. Hmm. Okay. Well, I'll just... I agree with that. I agree with that. So move on. Yes. Okay. And that's basically what I have to say. We're relying on what the court said below. All right. Well, thank you then. We'll hear from Mr. Thomas, your rebuttal. Thank you, Your Honor. So I think the burden of showing employment on anybody, you have to make a premonition case for employment. And if you're going to allege, he is alleging, he's making the allegation that he has one employer, which is three separate companies. But regardless of where that burden lies, I urge this court to look at the evidence. There is no evidence, no credible evidence that these companies were unified in interest. They have three separate corporate forms. What about the evidence laid out in the 29 pages of Mr. Pitt's brief that he just referred to? Go ahead and look at it. The only evidence that they are preferring is that, one, Mr. Newton Seeley and a couple of his coworkers thought that Armour Group was one company, despite the fact they signed contracts specifically saying they were Armour Group Jersey employees, despite the fact they were paid by Armour Group Jersey, despite the fact that Mr. Newton Seeley himself sued three separate companies in the UK, had a UK action that is reported, that's in front of this court, that found that two of the companies were not his employer. So those are facts. That's in the evidence, not to mention the dearth of evidence, you know, from the depositions we took from the testimony of Ian Dulake and Nikki Kanamakis and all the people that are listed in the excerpts of this record. But I'll tell you what. One minute, one minute. Thank you. You know what? The burden, whoever has the burden, it is proven that these companies were separate. I don't see any allegation of fraud. I don't see anything that would make it as... Yes, you're on. The only evidence I see suggesting that they were different companies with several signatures on the settlement, but the notion that these, for some purposes, said they were separate companies doesn't answer the question of whether, with respect to disemployment, they were one company. So to me, there's evidence potentially both ways, but I don't see quite how it is enough that we can say that the district court was wrong on determining whether the burden was raised. That becomes a question of the district court's finding. Well, Your Honor, I disagree that that's the only evidence in the record. You know, if you look at the excerpts of the record, specifically volume two, A193 through A461, these are the corporate records and depositions of the individuals, not to mention earlier in the exhibits, the... The odd thing is that in normal workers' compensation situations, in a thing like this, your side would be arguing that these are one company, and therefore a suit of this sort can't stand. In this case, because a suit against the employer can stand in England, and because the DBA has this understandable thing in the context of the United States that you can't settle with a third party, you're arguing the opposite. But in most cases, on this kind of evidence, people on your side are always saying, no, no, no, it is one company, you can't bring the suit, which is what makes this suit, from the standpoint of somebody who teaches torts, very clear. That's an interesting dichotomy, and you're right. The fact that we have a UK citizen here with different laws applying that aren't going to recognize the exclusivity of the Defense Base Act or the Launcher Act is interesting. But the reality is that, you know, they were separate companies. There are theories, of course, in the United States, where a contractor and a subcontractor would be under workers' compensation, protecting the subs and the generals from civil liability. And that definitely would apply here, depending on the jurisdiction I think you were in. But for the purposes of this suit, I mean, look at Section 33. It's clear that it's designed so that this does not happen. Section 33A specifically says... You're over your time, so why don't you finish up, please. Thank you. And this is my last point, and thank you for the extra time you're on. Section 33A says, hey, you can sue a third party, and you do not have to elect the remedy. But that's not what Mr. Newton-Seeley is arguing. He's arguing that he's suing his employer. Therefore, he has to elect what's in the UK. And if he's not suing just his employer, then the rest of Section 33 follows. And Section 33 bars for the benefits of the Defense-Based Act, and his remedy is against his lawyers not here. All right. Thank you. We have your argument. We will reserve decision. The final case is on submission. Accordingly, I'll ask the deputy to adjourn. Thank you, Your Honor. Court is adjourned.